**594**

Karl ZYSSET and NEW-NEL KITCHEN
PRODUCTS COMPANY

v.

POPEIL BROTHERS, INC.

Civ. A. No. 57-C-763.

United States District Court
N. D. Illinois, E. D.

Oct. 26, 1961.

See also 168 F.Supp. 372.

Albin C. Ahlberg, Chicago, Ill., for plaintiff Karl Zysset.

Warren C. Horton, Chicago, Ill., for plaintiff, New-Nel Kitchen Products Co.

George B. Christensen and Neil McKay, Winston, Strawn, Smith & Patterson, Will Freeman, Dimitri D. Allegretti, Bair, Freeman & Molinare, Chicago, Ill., for defendant.

PERRY, District Judge.

This action came before the court on defendant's Motion for Mitigation of Damages or for Application of The Rule De Minimis Non Curat Lex after the denial of a motion for leave to file interlocutory appeal, under Section 1292(b), 28 U.S.Code, from the court's order of January 17, 1961, witnesses having been heard in open court and counsel for the respective parties having been heard; and upon full consideration of the record herein and the exhibits offered and received in evidence, the court finds as follows:

1. The Wilson & McCallay patent 207,146 relied upon by defendant has a plurality of separated blades fixed in position on the cutter head spaced so as to cut a long plug of tobacco into pieces of equal size, each piece being of a size for retail sale; whereas the Zysset invention is for a vegetable shredder for the purpose of cutting food into small pieces.

2. The Wilson & McCallay blades reciprocate to come into the same position on each stroke and simply enter the same grooves upon each operation. The Wilson & McCallay device is for cutting a plug of tobacco into pieces of particular size and shape and is comparable in that respect with a cutting die or a cookie cutter rather than a food shredder. The Wilson & McCallay device will not accomplish its purpose with only a single blade because it will not cut a section of a plug of a predetermined size and shape.

3. In the Zysset food shredder, the food must be confined in a housing so that it will be held in position under the blade for repeated cutting as the blade cuts at a different point on each stroke. The wiper cup of the Zysset invention is designed to rotate with the blade for each new position on each stroke. The Wilson & McCallay patent has no such means since the clearing plates are in fixed position and cannot rotate, and the blades cut at the same point on each stroke.

4. In the Wilson & McCallay machine the blades are moved up and down by rotation of a driving shaft D having a crank pin which reciprocates in a slot to change the direction of movement of the cutter

head on which the blades are mounted. The blades or knives remain in any position where they are stopped and do not return until the shaft is operated again. The blades or knives in the Wilson & Mc-Callay device are parallel to each other and that results in the wedging of anything coming between the parallel sides rather than the shredding or chopping in small size of any material to be cut.

5. The Wilson & McCallay device has a series of fixed plates which have no slots but between which plates the blades operate to discharge the cut portions of the plug as they rise into the spaces between the clearing plates. In the Wilson & McCallay patent the clearing plates are fixed in position and cannot be moved or rotated by any movement of the blades, whereas in the Zysset invention the wiper cup is rotatable and as the blade turns from one cutting position to another it rotates the wiper cup. This fact was demonstrated at the trial.

6. The Wilson & McCallay patent is no more pertinent to the issues herein than other prior art patents considered by the court at the trial, including Suter Swiss patent 155,720, Hanel patent 2,-140,010, and Zeller patent 2,623,563.

7. The Wilson & McCallay patent 207,146 is in the same Patent Office classification, namely, Class 146, Subclass 160, as the Zysset patent in suit and has been so classified since 1923. Defendant's expert witness testified that the first place anyone interested in and investigating the patent in suit would search would be the class and subclass of the patent under investigation.

## Conclusions of Law

1. The Wilson & McCallay patent does not disclose an equivalent of the machine of the Zysset patent in suit.

2. The Wilson & McCallay patent does not anticipate the combination of elements claimed in the Zysset patent in suit.

3. The Wilson & McCallay patent does not limit the scope of Claim 2 of the Zysset patent in suit.

4. Claim 2 of the Zysset patent in suit includes as a part thereof all of the elements defined by Claim 1 of the Zysset patent as well as the additional limitations set forth in Claim 2.

5. Plaintiffs are entitled to recovery of costs and attorneys' fees occasioned by defendant's motion.

6. Defendant's Motion for Mitigation of Damages or for Application of the Rule De Minimis Non Curat Lex should be denied.